**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 15-cv-61387**

**DANIEL MONROY,**
and other similarly situated individuals,

Plaintiff(s),

v.

**ROOFING CONCEPTS UNLIMITED/FLORIDA, INC.,**
a Florida Profit Corporation,
**MICHAEL JACOBAZZI,** individually,
**DENISE A. JACOBAZZI,** individually,
and **ANTHONY JACOBAZZI,** individually,

Defendants.
_______________________________________/

**SETTLEMENT AGREEMENT AS TO CLAIMS FOR UNPAID WAGES**

This Settlement Agreement ("Agreement") is made by Plaintiff, DANIEL MONROY and Defendants, ROOFING CONCEPTS UNLIMITED/FLORIDA, INC., MICHAEL JACOBAZZI, DENISE A. JACOBAZZI, and ANTHONY JACOBAZZI ("Defendants" and/or "Defendant").

WHEREAS, Plaintiff filed a lawsuit in the United States District Court, Southern District of Florida, Case No.: 15-cv-61387, for alleged Fair Labor Standards Act violations, against Defendants; and

WHEREAS, Defendants deny any wrongdoing and denies Plaintiff's claims; and

WHEREAS, "Defendants" shall include its incorporators, Board of Directors, officers, owners, shareholders, servants, agents, insurers and its insurers' current and former agents, attorneys, employees, representatives, successors, assigns, partners, affiliates, all current, past and future subsidiaries, parents, related and affiliated corporations, sister corporations, divisions, branches, members, and any person, partnership, corporation, association, organization or entity

B. Article X § 24, Florida Constitution, Florida Minimum Wage Amendment;

Plaintiff further agrees that it is the express intent of Plaintiff to enter into this full and final settlement and compromise of any and all wage claims against Defendants.

Except for enforcement of this Agreement, if Plaintiff should later initiate or participate in any legal action or proceeding against Defendant, for any wage and employment claim arising or accruing before and through the effective date of this agreement, which he should not, this Agreement will be conclusive evidence that any such claims have been released.

3. **Dismissal of Civil Action.** Upon execution of this Agreement by all Parties, the Parties shall electronically file a joint stipulation for dismissal with prejudice, which shall specify that each party shall bear its own attorney's fees and costs incurred in the Federal Civil Action, except as otherwise agreed by the Parties. The Parties further agree to take any additional action as required by the Court to obtain full dismissal with prejudice of the Federal Civil Action. The Parties shall cause to be filed a Stipulation for Dismissal WITH PREJUDICE of Plaintiff's pending claims against Defendants as set forth herein. The effectiveness of the Parties' Stipulation for Dismissal shall be conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of this settlement agreement.

4. **Settlement Payment.** As settlement for Plaintiff's claims referenced herein, Defendants agree to total payment in the amount of Three Thousand and Five Hundred DOLLARS ($3,500), to be paid within thirty (30) days of approval from the Court of this settlement. Defendants will mail or deliver the settlement proceeds to Anthony M. Georges-Pierre, Remer & Georges-Pierre, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Fl 33130. The settlement amounts are to be drafted as follows:

acting directly or indirectly in its interest, or as an employer in relation to Plaintiff, including any person or entity acting with or on behalf of Defendant, personally, officially, or in any capacity whatsoever, past and present; and

WHEREAS, "Plaintiff" shall include his heirs, successors, administrators, agents, assigns and attorneys, any other Parties of interest and/or representatives; and

WHEREAS, this Settlement Agreement is between Plaintiff and Defendants, and is hereinafter referred to as the "Agreement."

NOW, THEREFORE, in consideration of the covenants contained herein, the payment from and on behalf of Defendants to Plaintiff, and his heirs, successors, administrators, agents, assigns or attorneys, any other Parties of interest and/or representatives, and other valuable consideration, the receipt of which is hereby acknowledged, the Parties hereto agree as follows:

1. The foregoing recitals are true and correct.

2. **Plaintiff's Release.** Except for the obligations contained herein, Plaintiff does hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Defendants and all included entities listed above from any and all rights, obligations, liens, wage and hour claims, wage and hour damages, wage and hour demands, relief, liabilities, equities, wage and hour actions and causes of action for wages, overtime pay, front or back pay, minimum wage, income from any source, declaratory or injunctive relief, lost benefits, commission, liquidated damages, compensatory or punitive damages, money, remuneration, attorneys' fees, costs, expert's fees and costs, expenses, or thing of value whatsoever, by Plaintiff against Defendants, for claims arising under or relating to:

A. The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq.*

A. Check #1 to Plaintiff in the amount of ONE THOUSAND EIGHT HUNDRED AND FIFTEEN DOLLARS ($1,815), in consideration of alleged unpaid wages and an equal amount as liquidated damages, minus relevant applicable withholdings and deductions;

B. Check #2 to REMER & GEORGE-PIERRE, PLLC (EIN 36-4623742) in the amount of ONE THOUSAND SIX HUNDRED AND EIGHTY FIVE DOLLARS ($1,685), in consideration of attorneys' fees and costs.

The portion attributable for wages will be subject to applicable withholding at the usual and customary rate. The payment to Plaintiff's counsel is for statutory attorneys' fees and costs as provided for under the FLSA and Florida Minimum Wage Amendment. The Plaintiff understands and agrees that such payment to the attorneys is in full and final satisfaction of any claim for attorneys' fees under the Fair Labor Standards Act. Defendant makes no representation as to the tax consequences or liability arising from the payment described herein. Moreover, the Parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff. To this extent, Plaintiff acknowledges and agrees to assume liability for any and all income tax which may be determined to be due in connection with the payment described herein.

5. **Not an Admission of Liability.** It is understood, agreed, and stipulated between the Parties that the consideration described herein is in complete and full accord, satisfaction, and discharge of disputed wage claims, and that Defendant does not in any manner by virtue of this Agreement, or payment of the consideration therefore, admit liability to anyone as a result of any incident, act, or omission described in or cognizable by the aforementioned claims, charges or

causes of action, and it is recognized that Defendant has denied and continues to deny all such allegations.

6. **Complete Agreement.** This Agreement contains the entire agreement, understanding and stipulation between the Parties hereto regarding resolution of Plaintiff's claims for unpaid wages as set forth herein. The Parties to this Agreement acknowledge that they have had full possession of any and all facts with regard to their claims or rights, and that they have had ample opportunity to consult with an attorney, any governmental agency of their choosing and/or such other advisors as they have deemed appropriate to be fully advised of the rights and obligations incurred or waived hereby. The terms of this Agreement are contractual, not mere recitals, and may be enforced in Court.

7. Each of the Parties warrant to each other that each has full power, authority and capacity to execute this Agreement. The Parties represent to each other that the effect of this Agreement has been fully explained to each of them and the Agreement is understood and agreed to by them. Plaintiff warrants and represents that he is the owner of the claims asserted and has not transferred or assigned them, except as represented in this Agreement.

8. This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. The terms of this Agreement are executed without reliance upon any representations except those contained herein, and the Parties have carefully read this Settlement Agreement and sign the same of their own free will.

9. Should any provision of this Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be

affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

10. This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida, and shall be subject to the exclusive jurisdiction of the United States District Court, Southern District of Florida, which shall retain jurisdiction to enforce this Agreement. All parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties herein. The Parties agree upon mandate from the court they will file the settlement agreement with the Clerk of Court.

11. Should any party to this Agreement be required to enforce the terms of this agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to its reasonable attorney fees and costs.

12. The Plaintiff shall not disclose, communicate, make public or publicize in any manner any problems, issues or concerns perceived to have been had with the Defendants, their officers, employees (past or present) or businesses or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the Defendant, its officers, employees (past or present) or businesses. Plaintiff acknowledges and agrees that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, any board of directors or advisory board or directors, competitors, strategic partners, vendors, and employees (past and present). Plaintiff shall not interfere with Defendant's relationship with, or endeavor to entice away from the Defendant, any person who was or is an employee of Defendant. Plaintiff understands and agrees that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall

be a material breach of this Agreement, and that Defendant would be irreparably harmed by violation of this provision.

13. Defendants shall not, directly or indirectly through a third party, disparage or denigrate Plaintiff. Defendants will not make any statement or take any action that is intended to disparage or denigrate Plaintiff. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will provide only dates of employment, and/or positions held, and/or rates of pay.

14. This agreement may be signed in counterparts, fax and electronic copies to be considered original.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

AGREED AND ACCEPTED this 11 day of November, 2015.

[signature]

MICHAEL JACOBAZZI, individually

and on behalf of Roofing Concepts Unlimited/Florida, Inc.

[signature]

ANTHONY JACOBAZZI, individually

[signature]

DENISE A. JACOBAZZI, individually

AGREED AND ACCEPTED this 5 day of November, 2015.

DANIEL MIMBOS

[signature], Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 15-cv-61387**

**DANIEL MONROY,**
and other similarly situated individuals,

Plaintiff(s),

v.

**ROOFING CONCEPTS UNLIMITED/FLORIDA, INC.,**
a Florida Profit Corporation,
**MICHAEL JACOBAZZI,** individually,
**DENISE A. JACOBAZZI,** individually,
and **ANTHONY JACOBAZZI,** individually,

Defendants.
_______________________________________/

**CONFIDENTIALITY AGREEMENT AND GENERAL RELEASE OF ALL NON-WAGE AND HOUR CLAIMS**

This Settlement Agreement ("Agreement") is made by Plaintiff, DANIEL MONROY and Defendants, ROOFING CONCEPTS UNLIMITED/FLORIDA, INC., MICHAEL JACOBAZZI, DENISE A. JACOBAZZI, and ANTHONY JACOBAZZI ("Defendants" and/or "Defendant").

1. The Parties hereto recognize that Defendants do not admit, but rather, specifically deny, liability to Plaintiff, or to anyone else as a result of or growing out of matters set forth in the pleadings of the Plaintiff in the above-entitled cause. Plaintiff represents and warrants that he knows of no other person who expressed a desire or intent to opt-into, or join, this action or file a similar claim against Defendants or any related entity, who has not already filed such a claim.

2. Defendants agree to pay Plaintiff the sum of Three Thousand and Five Hundred DOLLARS ($3,500) as set forth below, and other good and valuable consideration as described below; and Plaintiff hereby remises, acquits, releases, satisfies and discharges, on his own behalf

(and on behalf of anyone who could claim by and through him including his attorney, Defendants, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and their past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives (collectively "Releasees" or "Defendants"), in their individual and official capacities, and their heirs and legal representatives, of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which Plaintiff and Plaintiff's heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees ever had or now have or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Plaintiff in the above-numbered and titled lawsuit. The Release by Plaintiff of Releasees includes, but is not limited to:

a. Any and all claims for damages, non-wage and hour monetary relief, employment, benefits, including but not limited to any claims for benefits under an employee benefit plan or any retirement plan, profit-sharing, capital stock, bonuses, merit and longevity increases, and all other benefits of all kind, earnings, back-pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury,

impairment in locating employment, financial loss, home foreclosure, pain and suffering, being made whole, injunctive and declaratory relief, interest, attorneys fees, and costs arising from Plaintiff's employment or otherwise.

b. Any and all claims growing out of, resulting from, related to, or connected in any way to Plaintiff's relationship and/or employment, and the termination/separation thereof, with Defendants and Releasees, including but not limited to any and all claims for discrimination, harassment of any kind, retaliation, unequal pay, whistle-blowing, breach of contract, rescission, promises, claims under the Employee Retirement Income Security Act of 1974, as amended, torts of all kind, including but not limited to misrepresentation, negligent or otherwise, fraud, defamation, libel, battery, assault, slander, intentional infliction of emotional distress, workers' compensation retaliation, interference with an advantageous business relationship, negligent hiring, negligent retention, discrimination, claims or rights under state and federal whistle-blower legislation, the Consolidated Omnibus Budget Reconciliation Act, the Family and Medical Leave Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act of 1992, Chapter 760, Fla. Stats., and any other claim of any kind.

c. A waiver by Plaintiff of any rights of action and administrative and judicial relief which Plaintiff might otherwise have available in the state and federal courts arising from Plaintiff's relationship or employment with Releasees, including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and

regulations.

3. As part of this Agreement and limited release settlement agreement executed a result of the payments made to Plaintiff by Defendants, Plaintiff agrees that Plaintiff has now been paid for all hours worked and overtime compensation while employed by Defendants and agrees that Defendants (and Releasees) do not owe Plaintiff any other monies with regard to compensation associated for hours worked.

4. As part of this Agreement, Plaintiff specifically waives any present and future claim for reinstatement or employment with Releasees or their subsidiaries or related entities at any time in the future. The Parties hereto specifically recognize that substantial questions of fact and law exist as to any possible claim or claims (legal, equitable or otherwise) by Plaintiff and therefore, as part of this Settlement, Plaintiff further specifically agrees, as a condition of Plaintiff's receipt and retention of the sums provided for herein, not to seek employment with Releasees or any of Defendant's subsidiaries or related entities at any time in the future and not to discuss his claims and the issues related thereto with any current or former employee of Releasees or any related entity. Releasees are under no obligation or duty to consider Plaintiff for re-employment in the future.

5. The Parties further agree that the Court may dismiss, with prejudice, the above-styled lawsuit, which is pending in the United States District Court for the Southern District of Florida, upon the effective date of this compromise Settlement Agreement. It is also agreed that in the event the above-numbered and entitled lawsuit is not dismissed with prejudice, this compromise Settlement Agreement shall become null and void and Defendants shall be entitled to return by Plaintiff of all sums paid by Defendants hereunder.

6. Plaintiff covenants and agrees that Plaintiff has and will continue to maintain in strict confidence the terms of this Agreement and shall not disclose such terms or conditions to any person, though Plaintiff may provide this agreement to Plaintiff's attorney, provided Plaintiff instruct each attorney and obtain from them their agreement to maintain the confidentiality provided herein. Plaintiff further agrees that neither Plaintiff nor Plaintiff's present or future representatives, attorneys or agents shall issue any publicity release or otherwise publicize, communicate, reveal or give out in any manner Plaintiff's claims and the issues arising from those claims, or the terms of this Agreement, except as necessary in the course of preparing benefit or tax documents, except in legal proceedings based on the terms and provisions hereof and except to Plaintiff's legal counsel and any financial advisor or accountant, provided such individuals are instructed and obligated thereby to maintain such terms in strict confidence to the same degree as Plaintiff and provided any disclosure by Plaintiff shall be attributable to and the responsibility of Plaintiff hereunder. Plaintiff agrees that the filing of this agreement for approval by the Court does not relieve Plaintiff of any obligation under this Paragraph. The Parties agree that if mandated by Court order, the Parties shall file the settlement agreement with the Court and the settlement agreement shall be treated as a public document.

7. It is further agreed and understood that Defendants shall, within thirty (30) days of the Court's approval of settlement in the above-styled case, mail or deliver the settlement proceeds to Anthony M. Georges-Pierre, Remer & Georges-Pierre, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, FL 33130, as follows:

a) Check #1 shall be in amount of ONE THOUSAND EIGHT HUNDRED AND FIFTEEN DOLLARS ($1,815) to be allocated as payment for Plaintiff's general release of all claims as set forth herein.

b) Check #2 shall be in amount of ONE THOUSAND SIX HUNDRED AND EIGHTY FIVE DOLLARS ($1,685) to be allocated as payment for attorney fees and costs, made payable to Remer & Georges-Pierre, PLLC.

8. Plaintiff agrees to assume full responsibility for, and to hold Defendants harmless for, the payment of any federal, state, or local taxes with respect to the monies described herein, and Plaintiff shall be responsible for, and hold Defendants harmless for, and/or reimburse Defendants, for any and all taxes, including any interest or penalty assessed by any taxing entity against Defendants, but excluding the employer portion of any FICA tax, that may be determined to be owed thereon. Plaintiff agrees to pay any such taxes owed by Plaintiff, and acknowledges that Defendants will issue one or more Form 1099s in connection with the above-referenced payments

9. In consideration of the monies and other good and valuable consideration provided for herein, Plaintiff represents and warrants that Plaintiff will comply with all the terms of this Settlement Agreement. Should Plaintiff breach any provisions or paragraphs of this Agreement, Defendants shall have all rights, remedies and/or causes of action available at law or in equity. Should Defendant breach any provisions or paragraphs of this Agreement, Plaintiff shall have all rights, remedies and/or causes of action available at law or in equity. It is understood that Defendants shall be entitled to recover, as a part of its costs, any attorneys' fees incurred by it in connection with any pursuit by Plaintiff of any claim, or type of claim, released by this Agreement. Plaintiff acknowledges that any breach of this Agreement shall entitle the Defendants to prevailing party attorneys' fees and costs, damages, and injunctive relief to enjoin the actions of Plaintiff. It is understood that Plaintiff shall be entitled to recover, as a part of its costs, any attorneys' fees incurred by it in connection with any pursuit by Plaintiff of any claim,

or type of claim, released by this Agreement. Defendant acknowledges that any breach of this Agreement shall entitle the Plaintiff to prevailing party attorneys' fees and costs, damages, and injunctive relief to enjoin the actions of Defendant.

10. This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the Parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding, except that if paragraphs 2, 3, 4 and 6 are found to be unenforceable and the terms of those provisions cannot be resolved satisfactorily by the Parties, then at the option of Defendants, this Agreement shall be null and void and Defendants shall be entitled to the return of all sums paid by Defendants hereunder. Plaintiff acknowledges that Plaintiff has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

11. It is further understood and agreed that the total sum paid as set forth above, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final release effected thereby. Plaintiff hereby represents and warrants that he has entered into this Settlement Agreement of his own free will and accord and in accordance with Plaintiff's own judgment, and after consultation with Plaintiff's attorneys. Plaintiff hereby states that Plaintiff and Plaintiff's counsel have made a full and independent investigation of all the facts and representations relating to this agreement and release and therefore states that Plaintiff has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants agents, attorneys, servants, employees or representatives other than those

specifically set out herein. Plaintiff specifically states that Plaintiff is executing this Agreement knowingly and voluntarily.

12. Plaintiff acknowledges that Plaintiff has thoroughly read the entire Agreement, and specifically acknowledges the following:

a) Plaintiff understands the language of the settlement agreement and release, and that any questions Plaintiff may have had during Plaintiff's review of the Agreement were explained to Plaintiff's satisfaction and understanding by retained legal counsel of his choosing;

b) Plaintiff understands that the waiver and release specifically includes a waiver of Plaintiff rights and claims arising under the ADEA;

c) Plaintiff understands that Plaintiff is not waiving any rights or claims that may arise after the date this settlement agreement and release is executed;

d) Plaintiff's waiver of rights and claims in this Agreement is in exchange for good and valuable consideration in addition to that which Plaintiff may already be entitled;

e) Plaintiff has been advised to consult, and has consulted or had adequate opportunity to consult, legal counsel of his choosing prior to executing this Agreement.

13. The Parties hereto acknowledge that this Agreement is enforceable in the state or federal courts of Florida. Plaintiff and Defendants agree that any action brought upon the enforcement of this Agreement is to be commenced or filed in Broward County, Florida.

14. It is further agreed that each party shall bear their, its or his own costs and attorneys' fees, other than what is expressly set forth herein, incurred in the above-entitled suit and in handling the matters covered by this Settlement Agreement.

15. This Agreement is entered into freely and voluntarily by the Parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

16. Plaintiff understands and agrees that he would not receive the monies and/or benefits specified above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

17. The Parties agree that the Agreement shall not become effective or enforceable until the Court enters the Final Judgment of Dismissal.

18. For the purpose of implementing a full and complete Release, the Parties expressly acknowledge that the Releases they give in this Agreement are intended to include in their effect, without limitation, claims that they did not know or suspect to exist in their favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based would materially have affected the settlement of this matter and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any unknown claims.

19. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or Parties, agents, representatives, or attorneys, to induce the execution of this Agreement.

20. This Agreement cannot be modified, altered or changed except by a writing signed by the Parties wherein specific reference is made to this Agreement.

21. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto regarding resolution of non-wage and hour claims.

22. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The Parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

AGREED AND ACCEPTED this 11 day of November, 2015.

MICHAEL JACOBAZZI, individually

and on behalf of Roofing Concepts Unlimited/Florida, Inc.

ANTHONY JACOBAZZI, individually

DENISE A. JACOBAZZI, individually

AGREED AND ACCEPTED this 5 day of November, 2015.

DANIEL MONCOY

______________________, Plaintiff